DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Danny Yates appeals from the decision of the Summit County Court of Common Pleas denying his petititon for post-conviction relief. We affirm.
On August 28, 1985, Yates was convicted of felonious assault and having a weapon under disability. Yates appealed and this court affirmed the conviction. In 1987, Yates filed a petition for post-conviction relief. After the trial court denied the petition, he appealed to this court and we affirmed the trial court's denial. Yates filed a second petition for post-conviction relief in 1988. The trial court again denied his petition and he appealed to this court. We also affirmed the denial of the second petition.
Yates filed a third petiton for post-conviction relief on June 3, 1997. On June 19, 1997, the trial court denied the motion. From that judgment, this appeal followed.
Yates presents the following assignment of error for our review:
 The error which Pettioner-Appellant (sic) is claiming is that newly enacted laws, which has changed (sic) the elements and penalties of criminal offense (sic) should be applied retroactively where applicable, and that the clause within the new law denying such is unconstitutional as it denies access to valid state statute(s) (sic).
However, we decline to address the assignment of error because the trial court was barred from entertaining Yates' petition.
The Ohio postconviction relief statutes, R.C. 2953.21,2953.22, and 2953.23, were amended by Senate Bill 4 effective September 21, 1995. Section 3 of Senate Bill 4 provided:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act [September 21, 1995] * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act [September 23, 1996], whichever is later.
R.C. 2953.21(A)(2) states that, if no appeal is taken from sentence, a defendant must file the petition for postconviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal."
Yates filed his petition for postconviction relief on June 3, 1997. Yates was sentenced on September 12, 1985. Yates obviously did not file the instant petition within the time set by R.C.2953.21(A)(2), as he was sentenced over twelve years ago. Furthermore, Yates' petition was not filed before September 23, 1996. Therefore, Yates' petition is untimely.
In State v. Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, this court stated:
 Under Section 2953.23(A) of the Ohio Revised Code, a trial court may not entertain an untimely filed petition for post-conviction relief unless the defendant shows (1) either (a) that he was unavoidably prevented from discovering the facts upon which his petition was based or (b) that, after the 180 days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him, and unless he shows (2), by clear and convincing evidence, that, but for a constitutional error at trial, he would not have been convicted or, if applicable, he would not have been sentenced to death.
Id. at 4. Yates' petition for postconviction relief is untimely. Yates has not demonstrated that he meets any of the criteria set forth above. Therefore, the trial court was precluded from considering his petition.
Accordingly, Yates' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, J., P. J.
DICKINSON, J.
CONCUR.